

**FILED**

Nov 26 2019, 8:33 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Matthew R. Strzynski
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Nathan A. Leach
Herrin & Leach, LLC
Indianapolis, Indiana

Sean Devenney
Drewry Simmons Vornehm, LLP
Carmel, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| J.F.,<br>*Appellant*,<br><br>v.<br><br>L.K. and G.K.,<br>*Appellees*. | November 26, 2019<br><br>Court of Appeals Case No.<br>19A-AD-1373<br><br>Appeal from the Marion Superior<br>Court<br><br>The Honorable Steven R.<br>Eichholtz, Judge<br><br>The Honorable Kelly M. Scanlan,<br>Pro Tempore<br><br>Trial Court Cause No.<br>49D08-1405-AD-17504 |

**Brown, Judge.**

[1] J.F. appeals the dismissal of his motion for relief from judgment with respect to a decree of adoption entered in August 2015. We affirm.

## Facts and Procedural History

[2] J.F. and E.F. were married in December 2009, and A. ("Child") was born in November 2010. On July 30, 2012, an order was entered under cause number 41D01-1206-GU-82[1] ("Cause No. 82") appointing L.K. and G.K. ("Adoptive Parents"), Child's maternal grandparents, as Child's guardians.

[3] On May 28, 2014, Adoptive Parents filed a petition for adoption under cause number 49D08-14005-AD-17504 ("Cause No. 17504"), the cause from which this appeal arises, stating that J.F. and E.F. had been separated since Child's birth, E.F. and Child had resided at Adoptive Parents' home since J.F. and E.F. separated, and Child had been under Adoptive Parents' care and custody all of her life. Adoptive Parents alleged that E.F. consented to their adoption of Child and that J.F.'s consent was not required because, for a period of at least one year, he knowingly failed to provide for the care and support of Child when able to do so and had made only token efforts to support or communicate with Child. J.F. was served with a summons on June 3, 2014, and filed an objection to contest the adoption on June 18, 2014, and Attorney David Page filed an appearance for J.F. on July 2, 2014.

---

[1] The case was later transferred from 41D01-1206-GU-82 to 41C01-1206-GU-82.

[4] On July 28, 2014, E.F. filed a petition for dissolution of marriage under cause number 41C01-1407-DR-465 ("Cause No. 465"). On March 5, 2015, an Agreed Entry signed by J.F., E.F., and Adoptive Parents was entered in Cause Nos. 82 and 465 which provided J.F. with supervised parenting time every other weekend for four months, continued visits for two months if no concerns were raised, and upon successful completion of the six-month period, unsupervised visits every other weekend, and it provided J.F. had accumulated an arrearage of $22,919. An April 8, 2015 entry in the chronological case summary ("CCS") in Cause No. 465 indicates a protective order was issued pursuant to the Agreed Entry.

[5] On April 29, 2015, under Cause No. 17504, Adoptive Parents filed a motion for a contested hearing. On May 11, 2015, the court issued an order to appear setting a hearing for 1:30 p.m. on July 20, 2015, and stating pending matters may be determined in the absence of a party. On May 22, 2015, Attorney Page filed a motion to withdraw appearance to which he attached a letter to J.F. dated May 12, 2015, informing him of the date, time, and location of the July 20, 2015 hearing, and the court granted the motion to withdraw appearance. J.F. did not appear for the July 20, 2015 hearing. On August 10, 2015, the court entered a decree of adoption. The decree stated that J.F. had been duly notified of the date, time, and location of the July 20, 2015 hearing but failed to appear and that the court delayed the start of the hearing for nearly forty minutes to permit him to appear. The court found that J.F.'s consent to the adoption was not necessary, Child had been in Adoptive Parents' care since

birth, and Child's welfare and best interests were protected and promoted by the grant of the adoption.

[6] An entry dated June 7, 2016, in the CCS in Cause No. 465 states: "[E.F.] appears in person, pro se. [J.F.] appears in person, pro se. Parties notify the Court the minor child of the parties has been adopted." A June 7, 2016 CCS entry in Cause No. 82 states: "Parties provide notification that the minor child has been adopted."

[7] On June 21, 2017, under Cause No. 17504, J.F. filed a motion for relief from judgment in which he argued that the adoption decree was entered five months after the Agreed Entry in Cause Nos. 465 and 82, that he did not reside at the address to which Attorney Page sent his May 2015 letter, that he "did not have notice or knowledge of the adoption or any hearing thereon," and that the decree was void. Appellant's Appendix Volume II at 49. On December 20, 2018, Adoptive Parents filed a motion to dismiss J.F.'s motion for relief from judgment citing Ind. Code §§ 31-19-14-2 and -4. On January 31, 2019, the court held a hearing.

[8] On March 5, 2019, the court entered an order dismissing J.F.'s motion for relief from judgment and providing:

> [J.F.'s] Motion for Relief was filed on June 21, 2017, almost two (2) years after the August 10, 2015 adoption decree. Because the time for challenging the adoption decree as set forth in Indiana Code § 31-19-14-2 had expired when [J.F.] filed his Motion for Relief, [he] is precluded from challenging the adoption decree pursuant to Indiana Code § 31-19-4-4.

*Id.* at 10. J.F. filed a motion to correct error, which the court denied.

## Discussion

J.F. claims the trial court erred in dismissing his motion for relief from judgment. He acknowledges that he did not meet the strict deadline imposed by Ind. Code §§ 31-19-14-2 and -4, but argues the statutes are not an absolute bar. He argues that "without notice to [him], the trial court approved the adoption," that "[d]espite [his] verification that he had no notice of the final hearing, the trial court construed the Indiana statutes in a manner that effectively guarantees that [he] may never see his Child again," and that "[t]his interpretation of the Indiana statutes is contrary to [his] constitutionally protected interests of caring for and raising his Child." Appellant's Brief at 10. He argues this is not a case where he is trying to set aside a default judgment on credit card debt and he is seeking reversal so that he may exercise the custodial rights to which Adoptive Parents agreed. Adoptive Parents maintain that J.F.'s motion was untimely under Ind. Code §§ 31-19-4-2 and -4.

We generally review trial court rulings on motions to dismiss, for relief from judgment, and to correct error for an abuse of discretion, and we review a matter of statutory interpretation de novo. *See Study v. State*, 24 N.E.3d 947, 950 (Ind. 2015), *cert. denied*, 136 S. Ct. 412 (2015); *Speedway SuperAmerica, LLC v. Holmes*, 885 N.E.2d 1265, 1270 (Ind. 2008), *reh'g denied*. Relief from judgment under Ind. Trial Rule 60 is an equitable remedy within the trial court's discretion. *In re Adoption of C.B.M.*, 992 N.E.2d 687, 691 (Ind. 2013). Ind. Trial Rule 60(B) provides in part:

On motion and upon such terms as are just the court may relieve a party or his legal representative from a judgment, including a judgment by default, for the following reasons:

(1) mistake, surprise, or excusable neglect;

\* \* \* \* \*

(3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party;

\* \* \* \* \*

(6) the judgment is void;

\* \* \* \* \*

(8) any reason justifying relief from the operation of the judgment, other than those reasons set forth in subparagraphs (1), (2), (3), and (4).

The motion shall be filed within a reasonable time for reasons (5), (6), (7), and (8), and not more than one year after the judgment, order or proceeding was entered or taken for reasons (1), (2), (3), and (4). A movant filing a motion for reasons (1), (2), (3), (4), and (8) must allege a meritorious claim or defense. . . .

The burden is on the movant to demonstrate that relief is both necessary and just. *Wagler v. W. Boggs Sewer Dist., Inc.*, 980 N.E.2d 363, 372 (Ind. Ct. App. 2012), *trans. denied*, *cert. denied*, 574 U.S. 1131 (2014).

[11]     Ind. Code §§ 31-19-14 govern limitations on direct or collateral attacks of adoption decrees. Ind. Code § 31-19-14-2 provides:

Except as provided in section 3 of this chapter, if a person whose parental rights are terminated by the entry of an adoption decree challenges the adoption decree not more than the later of:

(1)     six (6) months after the entry of an adoption decree; or

(2)     one (1) year after the adoptive parents obtain custody of the child;

the court shall sustain the adoption decree unless the person challenging the adoption decree establishes, by clear and convincing evidence, that modifying or setting aside the adoption decree is in the child's best interests.

[12] Ind. Code § 31-19-14-3 provides:

(a) A person who consents to an adoption may not withdraw the consent to adoption after the entry of the adoption decree under IC 31-19-10-4.

(b) A person who is served with notice of an adoption under IC 31-19-4 may not:

(1) contest the adoption; or
(2) establish paternity;

more than thirty (30) days after the date of service of notice of the adoption.

(c) A person who receives actual notice of an adoption under IC 31-19-3 may not:

(1) contest the adoption; or
(2) establish paternity;

more than thirty (30) days after the date of receiving actual notice of the adoption.

(d) A person who is prohibited from taking action by subsection (a), (b), or (c) may not challenge an adoption decree.

[13] Ind. Code § 31-19-14-4 provides:

After the expiration of the period described in section 2 of this chapter, neither a person whose parental rights are terminated by the entry of an adoption decree nor any other person may challenge the adoption decree even if:

(1)      notice of the adoption was not given; or

(2)      the adoption proceedings were in any other manner defective.[2]

---

[2] Prior to July 1, 2017, Ind. Code § 31-19-14-4 provided:

After the expiration of the period described in section 2 of this chapter, a person whose parental rights are terminated by the entry of an adoption decree may not challenge the adoption decree even if:

[14] Inasmuch as the above operate as statutes of limitation, they are favored because they provide security against stale claims and promote the welfare and peace of society. *Mathews v. Hansen*, 797 N.E.2d 1168, 1171 (Ind. Ct. App. 2003), *trans. denied*. When the undisputed facts establish that a claim is filed after the running of the applicable statute of limitations, the court must enter judgment accordingly. *Id*. Further, if the applicable statute of limitations has run, dismissal is appropriate. *Id*.

[15] In this case, the trial court entered the decree of adoption on August 10, 2015. The court found that Child was born in November 2010 and had been in Adoptive Parents' care since birth. J.F. filed his motion for relief from judgment on June 21, 2017, which was well after the deadlines set forth in Ind. Code § 31-19-14-2. Further, to the extent J.F. asserts that he did not have notice of the adoption, we note that he was served with a summons and filed an objection to the adoption in June 2014, that Attorney Page filed an appearance for J.F. in July 2014 and notified the court in May 2015 that he had informed J.F. of the July 20, 2015 hearing, that the June 7, 2016 CCS entry in Cause No. 465 indicates that J.F. appeared in person and the parties notified the court of the Child's adoption, and that J.F. did not file his motion for relief from judgment until over a year later on June 21, 2017. We also observe that Ind.

---

(1) notice of the adoption was not given to the child's putative father; or

(2) the adoption proceedings were in any other manner defective.

(Subsequently amended by Pub. L. No. 113-2017 (eff Jul. 1, 2017)).

Code § 31-19-14-4 specifically precludes J.F. from contesting the adoption decree even if notice of the adoption was not given. In light of the time periods set forth in the relevant statutes and Trial Rule 60(B) and J.F.'s knowledge of the adoption, we find that his motion for relief from judgment was not timely filed. We find no abuse of discretion. *See Mathews*, 797 N.E.2d at 1173 (holding that Mathews did not comply with the deadlines in Ind. Code §§ 31-19-14-2 and -4 and thus was precluded from challenging the adoption decree and observing that, while he argued that he was not properly provided with notice of the intent to adopt, Ind. Code § 31-19-14-4 "specifically preclude[d] [him] from contesting the adoption decree, even if notice of the adoption had not been given," "[p]ut another way, it is apparent that our legislature intentionally promulgated that an adoption decree could not be attacked on the basis of lack of notice after the time limitations have expired," and "[t]o hold otherwise and permit Mathews to vacate the adoption decree in these circumstances would contravene the intended purpose and specific language of the applicable statute of limitations").[3]

[16] For the foregoing reasons, we affirm the trial court.

[17] Affirmed.

---

[3] J.F. cites *In re Adoption of D.C.*, where we held that the trial court did not have personal jurisdiction over the respondent due to ineffective service of process and reversed on that basis. 887 N.E.2d 950, 957 (Ind. Ct. App. 2008). J.F. does not dispute that he was served with a summons and filed an objection contesting the adoption in June 2014 and does not show the trial court lacked personal jurisdiction over him.

Altice, J., and Tavitas, J., concur.